In The United States District Court
FOR THE DISTRICT OF COLORADO

Criminal Action No. 18-cr-00381

United States of America,

    Plaintiff,

v.

BRUCE HOLDER,
    Defendant.

---

**MOTION TO SUPPRESS EVIDENCE FROM SEARCH**

---

The Defendant, Bruce Holder, through his counsel of record, Marna M. Lake, moves this Court to enter an order suppressing from evidence at trial all evidence seized during a search of his residence at 2442 Gunnison Avenue, Grand Junction, Colorado, on August 21, 2018, on the grounds that the warrant for this search was obtained in violation of the Fourth Amendment to the Constitution of the United States.  Further, the warrant was executed in a manner which violated Rule 41 of the Federal Rules of Criminal Procedure, 18 U.S.C. §2234, and Mr. Holder's Fourth Amendment rights.  Mr. Holder also seeks suppression of any evidence obtained either directly or indirectly as a result of the search and seizure.  As grounds, it is stated:

<u>BACKGROUND INFORMATION</u>

On August 17, 2018, government agents obtained a search warrant for the residence located at 2442 Gunnison Avenue, Grand Junction, Colorado.  It was executed

on August 21, 2018.  During that search, numerous items were seized, including those listed on the inventory which is attached as "Exhibit A."  Some of these items, particularly the iPad, supplemented the bases for a search warrant ordered on September 4, 2018, for the search of an iPhone which had been seized from Mr. Holder on August 21, 2018.

The affidavit claims probable cause for violations of 21 U.S.C. §841 (Possession with the Intent to Distribute) and 21 U.S.C. §846 (Conspiracy to Distribute a Controlled Substance).

## ARGUMENT

I.   THE INFORMATION CONTAINED IN THE APPLICATION FOR SEARCH WARRANT WAS STALE AND COULD NOT SUPPORT A FINDING OF PROBABLE CAUSE TO SEARCH THE RESIDENCE

"(P)robable cause to search cannot be based on stale information that no longer suggests that the items sought will be found in the place to be searched."  *United States v. Roach,* 582 F.3d 1192, 1200 (10th Cir. 2009), (quoting *United States v. Mathis,* 357 F.3d 1200, 12-6-07 (10th Cir. 2004)).  "(S)tale information cannot be used in a probable cause determination."  *United States v. Frechette,* 583 F.3d 374, 377 (6th Cir. 2009); *see also United States v. Harris,* 255 F.3d, 288, 299 (6th Cir. 2001) ("Because probable cause to search is concerned with facts relating to a presently existing condition, . . . there arises the unique problem of whether the probable cause which once existed has grown stale." (quoting *United States v. Spikes,* 158 F.3d 374 913, 923 (6th Cir. 2001)).

Whether evidence is stale is a flexible inquiry that does not "create an arbitrary time limitation within which discovered facts must be presented to a magistrate. *United States v. Green,* 250 F.3d, 471, 480 (6th Cir. 2001) (quoting *Spikes*, 158 F.3d at 923). "A key but by no means controlling issue is the length of time between the events listed in the affidavit and the application for the warrant." *United States v. Leaster,* 35 Fed. Appx. 402, 406 (6th Cir. 2002). It is recognized that "(t)he determination of whether information is stale depends on the nature of the crime and the length of criminal activity, not simply the number of days that have elapsed between the facts relied upon and the issuance of the warrant." *United States v. Roach, supra,* at 1202 (quoting *United States v. Basham,* 268 F.3d 1199, 1206 (10th Cir. 2001). However, firearm and drug trafficking are not the sorts of crimes whose evidence is likely to remain stationary for years at a time." *Roach* at 1202.

One of the protected sources (identified by initials in the application for search warrant) claimed that he observed Christopher Huggett receive pills from Mr. Holder "on an early summer evening in 2017." Although there are references to this source claiming that Mr. Huggett received pills from Mr. Holder on other occasions, the basis of his knowledge, including any dates, are not stated in the affidavit.

Government agents participated in a controlled purchase of pills in July 3, 2018. The observations led the agents to believe those pills came from the residence of Lexus Holder, Mr. Holder's daughter. Her residence was 2545 Kennedy Avenue, not 2442 Gunnison Avenue. Further, although Mr. Holder was observed going into the Kennedy Avenue home for a short period of time, this was more than six weeks before the application for search warrant was made.

Another source of information (identified as SOI in the affidavit) claimed to have purchased pills from Mr. Holder in order to sell them to others. However, SOI stated that he/she had not done so since April of 2018.

Government agents seized trash from trash containers located at the Gunnison Avenue residence on June 19, 2018. It is alleged that they found a vacuum sealed bag that contained fentanyl residue. However, that was nearly two months before the application for search warrant; a subsequent seizure on July 10, 2018, yielded no controlled substances.

The final person in the affidavit claiming to have observed pills in the Gunnison residence states that he last did so in early July of 2018. Again, this was more than six weeks before the application for search warrant.

The only information in the affidavit which was recent in nature concerned observations by the agent of GPS location information for Mr. Holder's phone. It is alleged that this showed that the phone had traveled from Grand Junction, Colorado, to Flagstaff, Arizona and back around August 14, 2018. (The phone is also alleged to have traveled from Grand Junction to Anthem, Arizona and back on July 23, 2018.) The affiant claims these to be "consistent with drug trafficking activities." However, this information is inconsistent with that received from the government witness referenced in the preceding paragraph. This person, who claims first hand knowledge of where Mr. Holder supposedly received these pills, claims that the source was in Mexico, not Arizona.

II. THE EXECUTION OF THE SEARCH WARRANT WAS EXCESSIVE AND IMPROPER

    a. RULE 41 VIOLATION

Rule 41(f)(1)( C)  of the Federal Rules of Criminal Procedure requires an officer executing a search warrant to provide a copy of the warrant to the individual whose person or property is the subject of the warrant.  The purpose of the rule is to "assure() the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search."  *United States v. Chadwick,* 433 U.S. 1, 9 (1977), *abrogated by California v. Acevedo,* 500 U.S. 565 (1991); *United States v. Martinez-Fuerte,* 428 U.S. 543, 566 (1976)(explaining that without seeing the warrant, the occupant has "no way of knowing the lawful limits of the inspector's power to search, and no way of knowing whether the inspector himself is acting under proper authorization.")

According to the warrant inventory, Mr. Holder was arrested as he was leaving the Gunnison residence.  The warrant was executed afterwards.  However, a copy of the warrant was not given to the remaining person in the residence, Maria Matos (Mr. Holder's wife), until the search was nearly completed.  She states that it was thrown on the living room table shortly before the agents left the house.

    b. THE SEARCH EXCEEDED THE SCOPE OF THE WARRANT AND THE AUTHORITY OF THE SEIZING AGENTS

A warrant must state with particularity the place to be searched and the items to be seized.  If the "scope of the search exceeds that permitted by the terms of a validly issued

warrant, . . . (the search and any) subsequent seizure (are) unconstitutional." *Horton v. California,* 496 U.S. 128, 140 (1990).  18 U.S.C. §2234 prohibits anyone who, while executing a search warrant, "willfully exceeds his authority or exercises it with unnecessary severity."

The search warrant did not provide for the seizure of any vehicles.  The only reference to vehicles in the warrant was to "concealed and/or aftermarket compartments in vehicles present at the Target Location, which may be used to import or transport controlled substances."  Ms. Matos states that the agents took the keys to white car and drove it around the neighborhood.  They also took the keys to and drove her motorcycle; she later noticed a chip in the paint.  In addition to the items listed on the inventory, she states that the agents seized titles to two vehicles (which did not include Mr. Holder's name) and $5,000 in cash which was accompanied by a bill of sale indicating it came from the sale of a third vehicle.

Further, the agents who executed the warrant broke other personal items in the residence, including a television, two cameras, and her arts and crafts materials.  A computer was thrown against a wall.  Basically, the house was "trashed."

These actions were deliberate and intentional violations of F.Cr.R.P. 41, the statutory prohibitions in 18 U.S.C. §2234, and Mr. Holder's constitutional right to be free from unreasonable governmental intrusion into his own home.

RELIEF REQUESTED

The affidavit and warrant, and the execution of the warrant, violated the Fourth Amendment, and exclusion is the appropriate remedy.  Mr. Holder therefore asks that all

evidence obtained through the unconstitutional search and seizure be suppressed. Moreover, all evidence subsequently obtained by exploitation of the unconstitutional seized evidence (in particular, that retrieved from Mr. Holder's phone) must be suppressed as well. *Wong Sun v. United States,* 371 U.S. 471 (1963).

DATED: December 3, 2018.     s/Marna M. Lake
Marna M. Lake
Marna M. Lake, P.C.
319 Colorado Avenue
Grand Junction, CO 81501
Telephone: (970) 245-7997
FAX: (970) 241-1719
E-mail: marnalake @gmail.com
Attorney for Bruce Holder

## CERTIFICATE OF SERVICE

I hereby certify that I have this 3rd day of December, 2018, electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following e-mail addresses:

Jeremy Chaffin
Assistant United States Attorney
    s/Beth Gibbon