United States District Court
FOR THE DISTRICT OF COLORADO

Criminal Action No.   18-cr-00381

United States of America,

    Plaintiff,

    v.

BRUCE HOLDER,
    Defendant.

---

**SUPPLEMENT TO MOTION TO SUPPRESS EVIDENCE FROM SEARCH**

---

Bruce Holder, by and through his attorney of record, Marna M. Lake, supplements his previously filed Motion to Suppress (Doc. 37) to specifically address the search of the cell phone seized from him during his arrest.  As grounds, it is stated:

1. This Court issued a warrant for Mr. Holder's arrest on August 16, 2018 (Doc. 3), following his indictment by grand jury (Doc. 1).  Mr. Holder was arrested on August 21, 2018.

2. Government agents obtained a warrant for the search of Mr. Holder's residence at 2442 Gunnison Avenue on August 17, 2018.  It was executed proximate in time to Mr. Holder's arrest.

3. Although the search warrant allowed for the seizure of "cellular telephones and/or portable telephones," Mr. Holder was not at the residence at the time of his arrest and the seizure of his cell phone.

4. Mr. Holder's initial appearance and advisement was the same day as his arrest on August 21, 2018.  Mr. Holder states that during this hearing he

       requested that all personal items which were seized from his person at the time of his arrest be released to his wife, Marie Matos.  Mr. Holder's recollection and understanding is that this request was granted by the Court.

5. Nonetheless, the cell phone which was on Mr. Holder's person at the time of his arrest was not released to his wife.  Rather, it remained in the custody of law enforcement officers pending the government's seeking and obtaining a warrant for its search on September 4, 2018.

6. In *Riley v. United States*, ___ U.S. ___, 134 S.Ct. 2473, 189 L.Ed.2d 430, the United States Supreme Court recognized that an individual has a legitimate expectation of privacy in the contents of a cell phone:

> Modern cell phones are not just another technological convenience.  With all they contain and all they may reveal, they hold for many Americans the privacies of life.  The fact that technology now allows an individual to carry such information in his hand does not make the information any less worthy of the protection for which the Founders fought.

134 S.Ct. at 2494-2495 (citations omitted.)

This privacy interest was extended to the cell sites for cell phones in *Carpenter v. United States,* 585 U.S. ___ (2018), No. 16-402.

7. Mr. Holder contends that the government's seizure and detention of his cell phone, without benefit of a warrant, for an additional two weeks after its requested and authorized release was unreasonable and in violation of his Fourth Amendment rights under the United States Constitution.  Further, he contends that he appropriate remedy for this violation is exclusion of any evidence obtained from that phone at trial.

Respectfully submitted this 18th day of December, 2018.

    s/ Marna M. Lake
Marna M. Lake
Marna M. Lake, P.C.
319 Colorado Avenue
Grand Junction, CO 81501
Telephone: (970) 245-7997
FAX: (970) 241-1719
E-mail: marnalake @gmail.com
Attorney for Bruce Holder

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December, 2018, a copy of the foregoing SUPPLEMENT TO MOTION TO SUPPRESS EVIDENCE FROM SEARCH was e-mailed through the CM/ECF System to the following:

AUSA Jeremy Chaffin
United States Attorney's Office

    s/ Korey Von Burg