**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.   18-cr-00381-MSK-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  BRUCE HOLDER,

    Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
DISCLOSURE OF INFORMATION REGARDING CONFIDENTIAL INFORMANTS**

---

The United States of America, by and through Assistant United States Attorney Jeremy Chaffin, responds to the defendant's Motion for Disclosure of Information Regarding Confidential Informants, ECF # 36, and respectfully requests that this Court deny the motion in part.

The defendant requests an order from this Court requiring the government "to reveal the identity of informants in this case who remain confidential and also to provide information regarding these and all other informants and persons designated 'sources of information.'"  Defendant's Motion, p. 1.  As an initial matter, the government notes that the defendant's initial request is broadly phrased.   Presumably the defendant requests only information regarding individuals associated with this case.  *See* Defendant's Motion, ¶ 1 (requesting the names of witnesses "regarding this case"). However, to the extent the defendant is requesting information regarding "all other informants and … 'sources of information'" unrelated to this case, the government

1

objects.

## IDENTITY OF INFORMANTS

As part of the investigation of the defendant and related persons, the government has utilized one DEA confidential source (CS-1) and obtained information from a source of information (SOI). The government will provide information to the defense regarding the identity of the SOI, identified as W-3 in the government's contemporaneously filed Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b). However, the government asserts its privilege not to disclose the identity of CS-1.

The government has a privilege to "withhold from disclosure the identity of persons who furnish information of violations of law to officers charges with enforcement of that law."  *Rovario v. United States*, 353 U.S. 53, 59 (1957).  The purpose of this privilege is to further and protect the public interest in effective law enforcement.  *Id.*  Thus, "[t]he privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation."  *Id.*

Of course, the privilege is not without limits.  As claimed by the defendant here, "[w]here disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way."  *Id.* at 60-61.  The defendant bears the burden of establishing the necessity of disclosure.  *United States v. Sinclair*, 109 F.3d 1527, 1538 (10th Cir. 1997).  In evaluating whether the defendant has satisfied that burden, courts "must consider the particular circumstances of the case, including the crime charged, the possible defenses, and the significance of the informer's testimony."

*Id.* When the informant cannot aid the defense, the government's interest in keeping the informant's identity secret must prevail. *Id.*

Here, CS-1 did not have any direct contact with the defendant. Instead, CS-1 conducted controlled purchases from a witness who obtained fentanyl pills from the defendant's daughter. It is anticipated that the witness who sold pills to CS-1 will testify at trial, and information regarding this witness has been disclosed to the defense. The defendant made no attempt to articulate the need to obtain the identity of CS-1. However, it appears that any information CS-1 could provide would merely be cumulative. *United States v. Gordon*, 173 F.3d 761, 767-68 (10th Cir. 1999) (disclosure not required when the informant has limited information, was not present during commission of the offense, and cannot provide any evidence that is not cumulative or exculpatory). Accordingly, this Court should deny the defendant's request for disclosure of CS-1's identity.

## **ADDITIONAL INFORMATION REQUESTED BY THE DEFENSE**

The defendant also requests a litany of other information regarding witnesses in this case. Most of the defendant's requests are encompassed by the government's ongoing discovery obligations. However, the defendant's requests are frequently overly broad and unduly onerous. The government has addressed each of the defendant's requests below.

The defendant requests "[a]ny and all promises of payment written or oral made to [witnesses] as part of this or any other case in which they have provided information." Defendant's Motion, ¶ 2. The government will provide any such information that is within its possession and control. However, to the extent the defendant is seeking

3

information regarding promises of payment in other cases, such as unrelated state investigations—if such promises were made at all—that information is not within the government's possession and control and cannot be provided. *See United States v. Beers*, 189 F.3d 1297, 1304 (10th Cir. 1999) ("It is unrealistic to expect federal prosecutors to know all information possessed by state officials affecting a federal case, especially when the information results from an unrelated state investigation."). In as much as the defendant requests an order requiring the government to disclose information not in its possession or control, this Court should deny the request. *United States v. Harry*, 927 F. Supp. 2d 1185, 1210 (D.N.M. 2013) ("A prosecutor does not have a duty to obtain evidence from third parties.").

The defendant requests "[a]ll promises of any other benefit written or oral made to [witnesses]." Defendant's Motion, ¶ 3. The government has and will continue to provide information related to any material promises made to witnesses during the course of this investigation. However, to the extent the defendant seeks information related to promises made during the course of unrelated investigations, the government is again unable to comply, and this Court should deny the request. *Id.*

Next, the defendant requests "[a]ll promises of immunity, leniency, preferential treatment or other inducements made to [witnesses] as part of this case or any other case in which they have provided information." Defendant's Motion, ¶ 4. This request is largely cumulative of the prior request. As noted above, the government has and will continue to provide any information related to any material promises made to witnesses during the course of this investigation. Again, however, to the extent the defendant seeks information related to promises made during the course of unrelated

4

investigations, the government is unable to comply and this Court should deny the request. *Id.*

The defendant also requests "[a]ll writings or memoranda which contain any of the promises of remuneration, leniency, immunity, preferential treatment or other inducements made." Defendant's Motion, ¶ 5. This request is overbroad and unduly burdensome. The Constitution "does not require the prosecution to divulge every possible shred of evidence that could conceivably benefit the defendant," instead "[t]he prosecution must only reveal information that it had in its possession or knowledge— whether actual or constructive." *Beers*, 189 F.3d at 1304; *see also United States v. Lujan*, 530 F.Supp.2d 1224, 1231 (D. N.M. 2008) ("The *Brady* rule is not an evidentiary rule that grants broad discovery powers to a defendant …"). As noted above the government has and will continue to provide any information related to material promises made to witnesses during the course of this investigation. But the government's discovery obligations under *Brady* and *Giglio* concern the disclosure of information, not tangible items. Because this request is overbroad and unduly burdensome, this Court should deny the request.

The defendant next requests "[a]ny record of payment of local, state or federal funds made to [witnesses]." Defendant's Motion, ¶ 6. The government is not aware of any payments made during this investigation to any testifying witnesses; should that change, the government will disclose such information. The government notes, however, that the defendant's request is incredibly broad and would encompass records related to unrelated matters, such as government benefits or financial aid. Additionally, the request encompasses records that are not in the government's possession or

control.  Accordingly, this Court should deny the request.  . *Harry*, 927 F. Supp. 2d at 1210.

The defendant additionally requests "[a]ll information regarding any [witnesses'] prior testimony in this or any other proceeding in which they have acted as a witness and/or informant."  Defendant's Motion, ¶ 7.  The government has provided all information that the government is aware of regarding prior testimony of witnesses.  To the extent the defendant seeks an order requiring more, this Court should deny the request.  *Id.*  The government also notes that the case cited by the defendant in support of his request concerns the defendant's right to inquire about matters on cross-examination, not a discovery obligation of the government to disclose all prior testimony of a witness.  *See Johnson v. Brewer*, 521 F.2d 556 (8th Cir. 1975).  Accordingly, the case is inapposite.

Finally, the defendant requests "[a]ll evidence of [witnesses'] psychiatric treatment, if any, or of any addiction or propensity to use or abuse controlled substances."  Defendant's Motion, ¶ 8.  The government is not aware of any psychiatric treatment of any testifying witnesses, and to the extent any testifying witnesses have substance abuse issues, that information has been disclosed in discovery.  Should the government become aware of any conditions of witnesses that are grounds for potential impeachment, the government will of course disclose such information.  However, the government notes that records regarding psychiatric treatment are privileged and are generally not subject to discovery.  *United States v. LaVallee*, 439 F.3d 670, 692 (10th Cir. 2006).  To the extent the defendant seeks an order requiring the government to obtain and disclose privileged information, this Court

6

should deny the request.  *Id.*

WHEREFORE the government requests that this Court deny the defendant's motion to the extent it seeks an order requiring the government to disclose the identity of CS-1 and to the extent it seeks discovery beyond what is required by *Brady, Giglio,* and Federal Rule of Criminal Procedure 16.

Respectfully submitted this 28th day of December, 2018.

                                           JASON R. DUNN
                                           United States Attorney

                                           By: *s/ Jeremy Chaffin*
                                           JEREMY CHAFFIN
                                           Assistant United States Attorney
                                           United States Attorney's Office
                                           205 North 4th Street, Suite 400
                                           Grand Junction, CO 81501
                                           Tel: (970) 257-7113
                                           Fax: (970) 248-3630
                                           E-mail: jeremy.chaffin@usdoj.gov
                                           Attorney for Government

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of December, 2018, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE OF INFORMATION REGARDING CONFIDENTIAL INFORMANTS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Marna M. Lake
marnalake@gmail.com

s/ Cosandra Foster
COSANDRA FOSTER
Paralegal Specialist
U.S. Attorney's Office
205 N. 4th Street, Suite 400
Grand Junction, CO 81501
Telephone (970) 241-3843
Fax (970) 248-3630
E-mail: cosandra.foster@usdoj.gov