IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

United States Magistrate Judge Gordon P. Gallagher

Criminal Case No.:   18-cr-381-MSK-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRUCE HOLDER,

    Defendant.

---

RECOMMENDATION REGARDING DEFENDANT'S MULTIPLCITY MOTION

---

This matter comes before the Court on Defendant Bruce Holder's motion to dismiss counts five or six due to multiplicity in violation of double jeopardy (ECF #202)[1] and the Government's response thereto (ECF #248). Based on the unanimous consent of the parties (ECF #14) the matter was referred to my jurisdiction by the then Chief Judge

---

[1] "(ECF #202)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

(ECF #15). The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises.[2]

Defendant's challenge relates to counts five and six of the superseding indictment (ECF #183). Count five is an alleged violation of 21 U.S.C. § 841(a)(1) for knowingly and intentionally distributing a mixture and substance containing a detectable amount of fentanyl and count six is an alleged violation of the same statue with the substance at issue being a counterfeit narcotic. Both counts are postured as aiding and abetting pursuant to 18 U.S.C. § 2. As is acknowledged by the Government, there are distinct proof elements differentiating the counts even though the counts spring from the same subsection of the same statute.

The Government readily admits that the charges are multiplicitous yet argues that dismissal is not the proper remedy. Government response (ECF #248, p. 2).

> "Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." *United States v. Barrett,* 496 F.3d 1079, 1095 (10th Cir.2007) (internal quotation marks omitted). "[M]ultiplicity is not fatal to an indictment." *Id.* (internal quotation marks omitted). Indeed, "[t]he government may submit multiplicitous charges to the jury." *United States v. Nickl,* 427 F.3d 1286, 1301 (10th Cir.2005). But "multiplicitous sentences violate the Double Jeopardy Clause," *McCullough,* 457 F.3d at 1162 (internal quotation marks omitted), so "if a defendant is convicted of both charges, the district court must vacate one of the convictions," *Nickl,* 427 F.3d at 1301.

*U.S. v. Frierson*, 698 F.3d 1267, 1269 (10th Cir. 2012). Another concern is that multiplicitous charges "may improperly suggest to the jury that the defendant has committed more than one crime." *United States v. Morehead*, 959 F.2d 1489, 1505 (10th Cir. 1992).

---

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any specific written objections with the District Judge to whom this case is assigned. Fed. R. Crim. P. 59(b)(2).

Here, given the posture that the Government acknowledges the counts to be multiplicitous, there is no danger or concern regarding double jeopardy. The Defendant will not be sentenced twice for the same offense because, should the Defendant be convicted of both offenses, the Court would require election at the appropriate time prior to sentencing. The concern applicable in this case, as noted in the *Morehead* opinion, is the possible improper suggestion to the jury that the Defendant has committed more than one crime and the piling on effect that could have.

The Government argues that the Court should not require election at this stage as the counts herein require different proof facts, e.g., the counterfeit nature of the substance, and thus the possibility exists that the Defendant could be convicted of one count and acquitted of another. Government's response (ECF #248, p. 4). The Court in *U.S. v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997), also allowed multiplicitous counts after agreeing with the Government's argument that the defendant therein could be convicted of one count and acquitted of another even if the possibility of such a split verdict was "slim." (The Court also conducted an abbreviated harmless error review stating that the evidence on all counts was overwhelming).

Here, there is some possibility of a split verdict between the counts and that possibility goes beyond being merely metaphysical or slight. The different proof issues between fentanyl and a counterfeit controlled substance could cause the same jury to arrive at a different conclusion on each of those counts. Because of that possibility, I find that the appropriate balance was struck by the Court in *Bolt* which addressed the issue by way of a jury instruction on the topic. *See U.S. v. Bolt*, 776 F.2d 1463, 1467-68 (10th Cir. 1985). *But see U.S. v. Sturm*, 560 F.Supp. 1029, 1034 (D. Colo. 2008) (requiring

election even though the Court did not find the counts multiplicitous because of the false suggestion concern). The use of a jury instruction in the instant case resolves any concern that the jury may be swayed by any improper suggestion that the Defendant has committed more than one crime. Also, through the course of trial, the Government will not be allowed to argue the offenses to be separate and distinct. But, given the breadth of accusations against Defendant Holder, the Court does not find it necessary to require a cautionary instruction to the jury earlier in the proceedings than the jury instruction phase.

Wherefore it is respectfully recommended that Defendant's motion to dismiss for multiplicity be denied.

It is further respectfully recommended that a jury instruction be crafted to address the multiplicity between counts five and six.

Should the above recommendations be adopted, the Government SHALL draft and submit a proposed instruction on the topic at the same time the Government is submitting any other proposed instructions in this action.

Dated November 27, 2019.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge