**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Action No. 18-cr-00381-CMA-GPG-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  BRUCE HOLDER,

    Defendant.

---

**ORDER DENYING DEFENDANT BRUCE HOLDER'S SUPPLEMENTAL
OBJECTIONS AND MOTION TO DISMISS BASED ON THE SIXTH AMENDMENT
AND THE SPEEDY TRIAL ACT**

---

This matter is before the Court on Defendant Bruce Holder's Supplemental

Objections and Motion to Dismiss Based on the Sixth Amendment and the Speedy Trial

Act. (Doc. # 461.) For the following reasons, the Court denies the Motion.

## I.      BACKGROUND

The Second Superseding Indictment (Doc. # 183) charges Mr. Holder with six

counts. On October 21, 2020, this Court granted the Government's Motion to Dismiss

Counts 5 and 6 of the Second Superseding Indictment without prejudice. Accordingly,

only Counts 1 through 4 of the Second Superseding Indictment remain:

(i)     engaging in a conspiracy to distribute fentanyl in violation of 21 U.S.C. § 846,

        spanning a time period between June 2017 and January 2019;

(ii)     distribution of a controlled substance (fentanyl) resulting in death, namely, the

         death of victim J.E., in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C);

(iii)    distribution of a controlled substance (fentanyl) resulting in serious bodily

         injury, namely, to victim Z.G., in violation of 21 U.S.C. § 841(a)(1) and

         (b)(1)(C); and

(iv)    distribution of a counterfeit controlled substance (that is, drugs purporting to

         be manufactured by Mallinckrodt, Inc. when, in fact, they were not) in violation

         of 21 U.S.C. § 841(a)(2) and (b)(1)(C).

## II.   __ANALYSIS__

In Defendant Bruce Holder's Supplemental Objections and Motion to Dismiss

Based on the Sixth Amendment and the Speedy Trial Act ("Motion") (Doc. # 461), Mr.

Holder contends that the delay in bringing him to trial has violated both his constitutional

and statutory rights under the Speedy Trial Act.

The Court notes that, although Mr. Holder nominally asserts his speedy trial

rights in the instant Motion, Mr. Holder attempts a second or third bite at the apple by

raising arguments that were previously rejected by Judge Marcia S. Krieger. The Court

has reviewed and agrees with Judge Krieger's findings and conclusions concerning Mr.

Holder's previous Motion to Dismiss the Indictment (Doc. # 397) from the June 26, 2020

hearing. The Court finds no reason to disrupt the findings and conclusions made by

Judge Krieger in her denial of Mr. Holder's Motion to Dismiss the Indictment. *See*

*generally* (Doc. # 461-1 at 4–27). Accordingly, the Court will not waste time by reviewing

any issues squarely rejected by Judge Krieger at that hearing. Instead, this Court will

perform a constitutional and statutory speedy trial analysis from the date of Judge Krieger's hearing on Mr. Holder's Motion to Dismiss the Indictment—June 26, 2020—to the present.

## A.   CONSTITUTIONAL CLAIM

In assessing whether delay has affected a defendant's Sixth Amendment rights to a speedy trial, the Court considers and balances four factors: (i) the length of the delay; (ii) the reason for the delay; (iii) the defendant's assertion of his right; and (iv) prejudice to the defendant. *United States v. Cortes-Gomez*, 926 F.3d 699, 706 (10th Cir. 2019).

### 1.   Length of the Delay

The threshold factor is the length of the delay, and the Court turns to the remaining factors only if the length of the delay has reached a point of "presumptive prejudice," which the Tenth Circuit has set as one year. *Id.* Mr. Holder was arrested on or about August 21, 2018, and has since been detained for a period of roughly 29 months. This factor weighs entirely in Mr. Holder's favor because of "the extent to which [this] delay stretches beyond the bare minimum [of a year] needed to trigger judicial examination.'" *United States v. Margheim*, 770 F.3d 1312, 1326 (10th Cir. 2014) (alterations in original) (citations omitted). Thus, the Court turns to the remaining factors.

### 2.   Reason for the Delay

The factor of the reason for delays weighs against the Government in proportion to the degree to which the Government caused the delay. *United States v. Batie*, 433 F.3d 1287, 1291 (10th Cir. 2006). Delays that are attributed to motions filed or

continuances sought by a defendant are not attributable to the Government at all. *Id.* "Where the defendant's actions were the primary cause of the delay, the second factor weighs heavily against him." *United States v. Banks*, 761 F.3d 1163, 1183 (10th Cir. 2014) (quoting *United States v. Larson*, 627 F.3d 1198, 1208 (10th Cir. 2010)).

Since June 26, 2020, there have been two reasons for the delay in bringing Mr. Holder to trial. The first is the filing of pretrial motions by Mr. Holder, which have been pending since July 16, 2020, and October 7, 2020, respectively. The delay attributable to Mr. Holder's motions is not attributable to the Government at all.

Independent of Mr. Holder's motions, the delay has also been caused by the COVID-19 pandemic. This global pandemic has affected state and federal court systems across the United States. Implementing safeguards to assuage the risks of COVID-19 has interrupted ordinary court operations in this District.

After the onset of COVID-19 in Colorado and before this case was reassigned to the undersigned, Judge Krieger repeatedly made extensive findings concerning how the public health outweighed Mr. Holder's interest in a speedy trial. On April 23, 2020, Judge Krieger made such findings and tolled the Speedy Trial Clock until the next hearing in this case, which took place on June 26, 2020. On that day, Judge Krieger again made such findings and tolled the Speedy Trial Clock until September 8, 2020. She found, in part, that

> [o]n March 16, 2020, the Court convened in an attempt to select a jury and begin trial. Due to various factors – notably, the sudden onset of the COVID-19 pandemic, a reduction of the jury pool because of it, and the unavailability of jurors who could be fair and impartial – we were unable to seat an adequate number of jurors, and the trial was continued. Since then, the Court has repeatedly made specific findings, including that the ongoing

4

> pandemic prevents the Court from safely and adequately commencing a trial. The delays from March 16, 2020, to the present are the result of forces that are external to Mr. Holder, the Government, the Court, and are not attributable to any party.

(Doc. # 461-1 at 12.) On July 21, 2020, Judge Krieger vacated the September 8, 2020 trial date, citing both the need for an ends-of-justice continuance because of COVID-19 and Mr. Holder's outstanding motions as bases for exclusion of time from the Speedy Trial Clock.

The COVID-19 situation in Colorado has continued to worsen. As of January 10, 2021, there have been 363,019 cases of COVID-19 and 5,279 deaths caused by COVID-19 reported in Colorado. *Colorado Coronavirus Map and Case Count*, N.Y. TIMES, https://www.nytimes.com/interactive/2020/us/colorado-coronavirus-cases.html (last visited Jan. 11, 2021). On that day alone, there were 2,162 new cases of COVID-19 reported in this state, which was a 30% increase from cases reported 14 days prior. *Id.* As stated by Chief Judge Brimmer in the current General Order, General Order 2020-21 ("GO 2020-21"),

> key indicators from the Colorado Department of Public Health & Environment, including positivity rates, the number of hospitalizations, and cumulative incidences per 100,000 people, continue to demonstrate high rates of COVID-19 infections in many parts of the District of Colorado. These conditions make it advisable to continue to restrict certain court operations to help slow the spread of the disease.

General Order 2020-21; COURT OPERATIONS DURING THE COVID-19 PANDEMIC (D. Colo. Dec. 16, 2020) (Brimmer, C.J.).

Trial in this case is anticipated to take three weeks, and the case is considered particularly complex. The Court does not yet have the space or the jury trial protocols

with which it can safely accommodate a trial of that magnitude. Due to the anticipated trial duration and complexity, this case would not have been fit to serve as a pilot trial during earlier General Orders issued by Chief Judge Brimmer. Between General Order 2020-19 and GO 2020-21, all criminal trials scheduled between November 5, 2020, and January 29, 2021, have been continued without a pilot trial exception.

To the extent Mr. Holder renews his objection to the General Orders on the basis that they violate the Separation of Powers Clause of the United States Constitution, the Court rejects that argument. The General Orders implement public health guidance issued by the Centers for Disease Control and Prevention ("CDC"), the Colorado Department of Public Health and Environment, and the Denver Department of Public Health and Environment. They are designed to protect the health of the public, litigants, attorneys, jurors, and court staff during an unprecedented time. Moreover, the General Orders are consistent with this Court's findings, and Judge Krieger's previous findings, regarding the severity of the COVID-19 pandemic and the inability of the Court to accommodate witnesses, litigants, attorneys, jurors, and court staff safely at this time.

Accordingly, none of the delay between June 26, 2020, and the date of this Order is attributable to the Government. At least a majority of the time resulted from the filing of pretrial motions by Mr. Holder. The remainder is attributable to a nationwide pandemic outside of the control of the parties or this Court. Therefore, this factor weighs moderately against Mr. Holder.

3.    Defendant's Assertion of his Right

In considering a defendant's invocation of his speedy trial rights, the Court looks

to "whether the defendant has actively asserted his right to a speedy trial," examining the "frequency and force" of objections, as well as their timing. *Black*, 830 F.3d at 1120. The Court also considers those situations in which the defendant expressly or impliedly consented to delays in the trial date, as well as those situations in which the defendant affirmatively asked for delays.

> Judge Krieger previously found on June 26, 2020, that
>
> [t]he first time Mr. Holder expressed and specifically contended that his speedy trial rights had been violated was during the hearing on April 23, 2020. . . . Thus, the record reflects that roughly 20 months elapsed before Mr. Holder first lodged the forceful speedy trial objection.  As in *Black*, [830 F.3d at 1120,] and also in *United States v. Margheim*, [770 F.3d 1312, 1328 (10th Cir. 2014),] Mr. Holder's first meaningful invocation of speedy trial rights has come late in the proceedings, resulting in the conclusion that this factor tips against dismissal.

(Doc. # 461-1 at 16.) As of that date, Mr. Holder has nominally asserted his right to a speedy trial but has also delayed these proceedings with further filing of pretrial motions. The pending Motion *in Limine* is Mr. Holder's third motion *in limine* in this case. *See* (Doc. ## 207, 322). After reviewing the briefing on the Motion *in Limine*, the Court determined that the Motion requires a hearing because the briefing before the Court is inadequate. Further, Mr. Holder filed the instant Motion to Dismiss on speedy trial grounds that is substantially similar to a motion previously considered and rejected by Judge Krieger. In doing so, Mr. Holder has further delayed the prompt resolution of this case. Accordingly, the Court finds that this factor weighs moderately against Mr. Holder.

4.    Prejudice to the Defendant

In cases of extreme delay, which the Tenth Circuit has determined to be six years or more, the presumption of prejudice alone is sufficient to tip this factor in the

defendant's favor. *Larson*, 627 F.3d at 1209 (citations omitted). If the delay has not yet reached that benchmark, the defendant bears the burden of making a particularized showing of prejudice that has resulted from the delay. Generally, a defendant has three primary interests that militate against excessive pretrial delay: (i) the need to prevent oppressive incarceration; (ii) the need to minimize anxiety and concern of the defendant; and (iii) avoiding impairment to the defense. *United States v. Nixon*, 919 F.3d 1265, 1274 (10th Cir. 2019). Importantly, the defendant's showing must tie the prejudice to delays that are attributable **to the Government**; where the defendant bears responsibility for some delay, prejudice that has arisen because of the defendant's delay does not weigh in the balance. *United States v. Hicks*, 779 F.3d 1163, 1168–69 (10th Cir. 2015).

Mr. Holder has been detained since his arrest in August 2018. As of the date of this Order, Mr. Holder has been detained for a period of about 29 months. Pretrial detention of this length alone, which falls far short of the six-year benchmark established by the Tenth Circuit, does not amount to substantial prejudice. *See Black*, 830 F.3d at 1122 (giving no weight to the prejudice factor despite the defendant arguing that "he was prejudiced because he had spent well over two years of his life in a jail cell awaiting trial").

To establish prejudice, Mr. Holder cites to his anxiety and concern relating to being detained pretrial. He asserts that he is malnourished, has lost what he approximates to be 70 pounds, and states that he is at increased risk of complications from COVID-19 due to heart problems. Although the Court is sympathetic to Mr.

Holder's current situation and understands the gravity posed by COVID-19, Mr. Holder's anxiety and concerns are not attributable to the Government. Instead, they are attributable to a combination of Mr. Holder filing the instant Motion to Dismiss and the pending Motion *in Limine*, which will be heard on January 14, 2020, as well as the COVID-19 pandemic, which is completely outside of the control of any party to this case or this Court.

With respect to the potential impairment of his defense, Mr. Holder's Motion focuses primarily on how he will be prejudiced by the death of Corina Holder. At the outset, the Court notes that Ms. Holder's death cannot be attributed to the Government. Mr. Holder argues that Ms. Holder would have provided exculpatory testimony with respect to Counts 5 and 6. This argument was rendered moot by the Government's Motion to Dismiss Counts 5 and 6 against Mr. Holder and this Court's subsequent order granting the Government's Motion.

Beyond Mr. Holder's arguments regarding Ms. Holder, Mr. Holder also advances speculative arguments concerning how the memories of witnesses at trial may fade or how those witnesses may selectively pretend not to remember information that serves Mr. Holder. This risk of prejudice is purely hypothetical and, as Judge Krieger explained when Mr. Holder first advanced arguments of this kind, the Tenth Circuit appeared to reject such generalized arguments as to the existence of prejudice in *Batie*, 433 F.3d at 1292, explaining that "ordinarily, the failure of a government's witness's memory benefits, rather than prejudices, a defendant's case."

Accordingly, the Court finds that Mr. Holder has not shown any particularized prejudice that has resulted from delays attributable to the Government in this case, and that this factor weighs against him.

Based on the Court's consideration of the foregoing four factors, the Court finds that Mr. Holder has not demonstrated that his Sixth Amendment rights to a speedy trial have been violated. Thus, his Motion is denied to the extent it seeks dismissal on constitutional grounds.

## B.   STATUTORY CLAIM

Mr. Holder also contends that his statutory speedy trial rights have been violated. The Speedy Trial Act, 18 U.S.C. § 3161, requires that a defendant be brought to trial within 70 days of his initial appearance or within 70 days of the declaration of a mistrial in prior proceedings. Those time limits are subject to tolling for a variety of reasons. 18 U.S.C. § 3161(c), (e), (h). Two such reasons are relevant to the instant Motion—i.e., ends of justice, 18 U.S.C. § 3161(h)(7)(B)(i), and pretrial motions, 18 U.S.C. § 3161(h)(1)(D).

As previously established, this Court will not address arguments considered and rejected by Judge Krieger. Accordingly, the Court will not review *de novo* the speedy trial analysis concerning Mr. Holder's Motion to Suppress. Judge Krieger has determined that zero days lapsed during the pendency of Mr. Holder's Motion to Suppress, and this Court concurs with Judge Krieger's analysis.

To the extent Mr. Holder argues that the amount of time following the filing of his pending pretrial motions should not be excluded from the Speedy Trial Clock, the Court

disagrees. Under 18 U.S.C. § 3161(h)(1)(D), any period of delay resulting from any pretrial motion "from the filing of the motion through the conclusion thereon, or other prompt disposition of such motion" is excluded from the Speedy Trial Clock. As the Supreme Court has noted, "[t]he plain terms of the statute appear to exclude all time between the filing of and the hearing on a motion whether that hearing was prompt or not." *Henderson v. United States,* 476 U.S. 321, 326 (1986). The Supreme Court concluded that "all time between the filing of a motion and the conclusion of the hearing on that motion [is tolled from the Speedy Trial Act calculation], whether or not a delay in holding that hearing is 'reasonably necessary.'" *Id.* at 330.

Accordingly, under the plain text of 18 U.S.C. § 3161(h)(1)(D), and pursuant to *Henderson*, 476 U.S. 321, the time between the filing of the pending Motion *in Limine*— July 16, 2020—and the hearing on that motion is excluded from the Speedy Trial Clock.

With respect to the period between June 26, 2020, and July 16, 2020, Judge Krieger tolled the Speedy Trial Clock during that time period pursuant to the Speedy Trial Act's ends-of-justice provision, 18 U.S.C. § 3161(h)(7)(B)(i). As previously discussed, on June 26, 2020, Judge Krieger made specific findings on the record that the ends of justice served by continuing this case because of the COVID-19 pandemic would outweigh the best interest of the public and Mr. Holder in a speedy trial. Judge Krieger's ends-of-justice findings on June 26, 2020, were sufficient to toll the Speedy Trial Clock under the Act.

### III.   **CONCLUSION**

Accordingly, Bruce Holder's Supplemental Objections and Motion to Dismiss Based on the Sixth Amendment and the Speedy Trial Act (Doc. # 461) is DENIED.

Incorporating Judge Krieger's speedy trial findings from her June 26, 2020 hearing, and having found that the Speedy Trial Clock has been tolled since that date by a combination of *sua sponte* EOJ continuances granted by Judge Krieger and the filing of Mr. Holder's pending pretrial motions, the Court has determined that the Speedy Trial Clock is currently tolled with a total of 36 days elapsed and 34 days remaining.

DATED: January 13, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge