**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Criminal Case No.  18-cr-00381-CMA-GPG

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  BRUCE HOLDER,

      Defendant.

ORIGINAL

---

## FINAL JURY INSTRUCTIONS

---

**INSTRUCTION NO. 1**
**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions that apply in every criminal case – for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. You will be allowed to take these instructions with you to the jury deliberation room, so you need not take notes as I read them to you.

## INSTRUCTION NO. 2
## PURPOSE OF JURY AND DUTY TO FOLLOW INSTRUCTIONS

You are here to decide whether the Government has proved beyond a reasonable doubt that Mr. Holder is guilty of the crimes charged. Mr. Holder is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged. The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether Mr. Holder has been proved guilty of the crimes charged.

You, as jurors, are the judges of the facts. But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

**INSTRUCTION NO. 3**
**ALL PERSONS EQUAL BEFORE THE LAW – IMPLICIT BIAS**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. Corporations and governmental agencies are entitled to the same fair trial as a private individual. All persons, including corporations, governmental agencies, and other organizations stand equal before the law, and are to be treated as equals. You should not be influenced by who the parties are, or who the witnesses are, i.e., whether they are rich or poor, young or old, well-educated or not.

You also should be aware of the natural human tendency to look at others, and to filter what they have to say, through the lens of our own personal experience and background. Because we all do this, we often see life – and evaluate evidence – in a way that tends to favor people who are like ourselves or who have had life experiences like our own. In deciding this case, I urge you to be aware of this natural human tendency to stereotype other people and to make assumptions about them based on the stereotypes, and I urge you to avoid such stereotyping.

**INSTRUCTION NO. 4**
**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF,**
**AND REASONABLE DOUBT**

The Court instructs you that you must presume Mr. Holder to be innocent of the crimes charged.  Thus, Mr. Holder, although accused of crimes in the indictment, begins the trial with a "clean slate" – with no evidence against him.  The law permits the jury to consider only legal evidence presented in court.  The indictment or formal charge against Mr. Holder is not evidence of guilt.  In fact, it is not evidence of any kind.

The Government has the burden of proving Mr. Holder guilty beyond a reasonable doubt.  Unless the Government proves, beyond a reasonable doubt, that Mr. Holder has committed each and every element of the offenses charged in the indictment, you must find him not guilty of those offenses not proven.  This burden never shifts to Mr. Holder because the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses, producing any evidence, or even cross-examining the Government's witnesses.

Although the Government's burden of proof is a strict and heavy burden, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  There are very few things in this world that we know with absolute certainty.  The test is one of reasonable doubt.  A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Reasonable doubt may arise from the evidence, the lack of evidence, or the nature of the evidence.  It is the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must, therefore, be proof which is so convincing that a reasonable person would not hesitate to rely and act upon it in making the most important decisions in his or her own life.

**INSTRUCTION NO. 5**
**EVIDENCE – DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers or parties agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

During the trial, I may have not let you hear the answers to some of the questions that the lawyers asked. I may have also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And, I may have ordered you to disregard things that you saw or heard, or struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

**INSTRUCTION NO. 6**
**EVIDENCE – DIRECT AND CIRCUMSTANTIAL – INFERENCES**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.  The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

Although you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits; inferences you feel are justified in the light of common experience.  Inferences are conclusions that reason and common sense lead you to draw from the facts established by the evidence in the case.

## INSTRUCTION NO. 7
## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the Government has proved the guilt of Mr. Holder beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.

You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions:

Did the witness impress you as honest?
Did the witness have any particular reason not to tell the truth?
Did the witness have a personal interest in the outcome in this case?
Did the witness have any relationship with either the Government or the defense?
Did the witness seem to have a good memory?
Did the witness clearly see or hear the things about which he or she testified?
Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?
Did the witness's testimony differ from the testimony of other witnesses?

When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. You should keep in mind that innocent misrecollection – like failure of recollection – is not uncommon.

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

**INSTRUCTION NO. 8**
**PRIOR STATEMENTS OF WITNESSES**

You have heard the testimony of the witnesses in this case. You may have also heard that, before this trial, a witness made a statement that may be different from his or her testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable the witness's testimony in this trial was. You cannot use it as proof of anything else. You can only use it as one way of evaluating the witness's testimony here in court.

**INSTRUCTION NO. 9**
**IMPEACHMENT BY PRIOR CONVICTION**

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of a felony, that is, of a crime punishable by imprisonment for a term of years [, or of a crime of dishonesty or false statements].  A prior conviction does not mean that a witness is not qualified to testify, but is merely one circumstance that you may consider in determining the credibility of the witness.  You may decide how much weight to give any prior conviction that was used to impeach a witness.

**INSTRUCTION NO. 10**
**TESTIMONY OF ACCOMPLICES AND INFORMANTS**

The Government called as witnesses alleged accomplices, who were named as a co-defendants in the indictment. The Government has entered into a plea agreement with the co-defendants, providing for the dismissal of some charges and a recommendation of a lesser sentence than the co-defendants would otherwise likely receive. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

An alleged accomplice, including one who has entered into a plea agreement with the Government, is not prohibited from testifying. On the contrary, the testimony of an alleged accomplice may, by itself, support a guilty verdict. You should receive this type of testimony with caution and weigh it with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice, unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice has entered a guilty plea to the offense charged is not evidence of the guilt of any other person.

Similarly, you have heard evidence from informants. An informant is someone who provides evidence against someone else for a personal reason or advantage. The testimony of an informant alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt, even though not corroborated or supported by other evidence. You must examine and weigh an informant's testimony with greater care than the testimony of an ordinary witness. You must determine whether the informant's testimony has been affected by self-interest, by an agreement he or she has with the Government, by his or her own interest in the outcome of the case, or by prejudice against the defendant.

You should not convict a defendant based on the unsupported testimony of an informant, unless you believe the unsupported testimony beyond a reasonable doubt.

**INSTRUCTION NO. 11**
**WITNESS'S USE OF ADDICTIVE DRUGS**

You heard from some witnesses who may be considered to be abusers of drugs. The testimony of a drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs.

You must determine whether the testimony of those witnesses has been affected by the use of drugs or the need for drugs.

## INSTRUCTION NO. 12
## EXPERT WITNESS OPINION EVIDENCE

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial.  An exception to this rule exists as to those persons who are described as "expert witnesses."  An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area.  If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves.  You should consider the testimony of expert witnesses just as you consider other evidence in this case.  If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

As I have told you several times, you – the jury – are the sole judges of the facts of this case.

**INSTRUCTION NO. 13**
**NON-TESTIFYING DEFENDANT**

Mr. Holder did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. You must understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify. That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

## INSTRUCTION NO. 14
## JURY'S RECOLLECTION CONTROLS

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection that should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

**INSTRUCTION NO. 15**
**SPECIAL INVESTIGATIVE TECHNIQUES NOT REQUIRED**

During the trial, you have heard testimony of witnesses and argument by Mr. Holder that the Government did not utilize specific investigative techniques. You may consider these facts in deciding whether the Government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether a defendant is guilty. However, you also are instructed that there is no legal requirement that the Government use any specific investigative techniques to prove its case. There is no requirement for the Government to attempt to conduct controlled purchases directly with Mr. Holder, take fingerprints, or take particular photographs, or that it offer such items into evidence. Law enforcement techniques are not your concern.

I am sure that at least one of you has seen the popular TV shows, CSI, or Law & Order. The TV standards, and the capabilities of law enforcement as portrayed on TV and in the movies, do not apply here to this trial. Witness testimony is sufficient to establish the charges in this case. Specific investigative techniques, such as DNA and fingerprints, are not required to be presented in order for you to find Mr. Holder guilty of the charges in this case. Please dismiss from your deliberations in consideration of the appropriate verdict in this case, any investigative techniques which you may have seen on TV or in the movies, as well as anything else about which there was no evidence.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, Mr. Holder's guilt has been proved beyond a reasonable doubt.

## INSTRUCTION NO. 16
## CAUTION – PUNISHMENT

If you find Mr. Holder guilty, it will be my duty to decide what the punishment will be.  You should not discuss or consider the possible punishment in any way while deciding your verdict.

**INSTRUCTION NO. 17**
**THE INDICTMENT IS NOT EVIDENCE**

An indictment is only a formal method used by the Government to accuse a defendant of a crime.  It is not evidence of any kind against Mr. Holder.  Mr. Holder is presumed to be innocent of the crimes charged.  Even though this indictment has been returned against Mr. Holder, he begins this trial with absolutely no evidence against him.

Mr. Holder has pleaded "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

**INSTRUCTION NO. 18**
**"ON OR ABOUT"**

The indictment charges that crimes were committed "on or about" certain dates. The Government must prove beyond a reasonable doubt that Mr. Holder committed each crime reasonably near these dates.

## INSTRUCTION NO. 19
## COUNT 1: Conspiracy to Distribute Controlled Substance
## and Counterfeit Controlled Substance.

Count 1 of the Second Superseding Indictment charges that between in or about June, 2017, and in or about January, 2019, within the State and District of Colorado and elsewhere, the defendants, BRUCE HOLDER, LEXUS HOLDER, CORINA HOLDER, GERI BOCHMANN, JESSICA BRADY, and MARIE MATOS, did knowingly and intentionally conspire with each other and with persons known and unknown to the Grand Jury to distribute or possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vi), and such substance, without authorization, bore an identifying mark that falsely purported the substance to be the product of Mallinckrodt, Inc., a manufacturer of controlled substances, which did not, in fact, manufacture such substance, in violation of Title 21, United States Code, Sections 841(a)(2) and (b)(1)(A)(vi).  All in violation of Title 21, United States Code, Section 846.

Section 846 of Title 21 of the United States Code provides, in part, that "[a]ny person who . . . conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy."

This law makes it a crime for anyone to conspire with someone else to violate federal laws pertaining to controlled substances.  To find Mr. Holder guilty of this crime you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First:*  two or more persons agreed to violate the federal drug laws by:
(1) distributing or possessing with intent to distribute fentanyl, or
(2) distributing or possessing with intent to distribute a counterfeit substance;

*Second:*  Mr. Holder knew the essential objective of the conspiracy;

*Third:*  Mr. Holder knowingly and voluntarily involved himself in the conspiracy; and

*Fourth:*  there was interdependence among the members of the conspiracy

If you find Mr. Holder guilty of conspiracy, then you must also decide, unanimously, whether the amount of controlled substances attributable to Mr. Holder's own acts as well as his co-conspirators' reasonably foreseeable acts in furtherance of the conspiracy was at least 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member. The evidence may show that some of the persons involved in the alleged conspiracy are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged or tried together in one proceeding.

The evidence need not show that the members entered into an express or formal agreement. Nor does the law require proof that the members agreed on all the details. But the evidence must show that the members of the alleged conspiracy came to a mutual understanding to try to accomplish a common and unlawful plan.

If you are convinced that the charged conspiracy existed, then you must next determine whether Mr. Holder was a member of that conspiracy, that is, whether he knew at least the essential goals of the conspiracy and voluntarily chose to be part of it. The law does not require proof that Mr. Holder knew all the other members of the conspiracy or knew all the details about how activities were to be carried out. A person may belong to a conspiracy for a brief period of time or play a minor role. On the other hand, proof is not sufficient if it merely shows that Mr. Holder knew about the existence of the conspiracy or was associated with members of the conspiracy. Rather, the evidence must show Mr. Holder knowingly joined the conspiracy with the intent to advance its purposes.

You are also required to find that interdependence existed among the members of the conspiracy. This means that the members intended to act for their shared mutual benefit. To satisfy this element, you must conclude that the defendant participated in a shared criminal purpose and that his actions constituted an essential and integral step toward the realization of that purpose.

The term "counterfeit substance" means a controlled substance which, or the container or labeling of which, without authorization, bears the trademark, trade name, or other identifying mark, imprint, number, or device, or any likeness thereof, of a manufacturer, distributor, or dispenser other than the person or persons who in fact manufactured, distributed, or dispensed such substance and which thereby falsely purports or is represented to be the product of, or to have been distributed by, such other manufacturer, distributor, or dispenser.

Fentanyl and oxycodone are both controlled substances within the meaning of the law. Mallinckrodt, Inc., is a manufacturer, distributor, or dispenser of controlled substances.

**INSTRUCTION NO. 20**
**UNANIMITY OF THEORY**

Now, Count 1 includes two alleged objectives of the conspiracy:  (1) distribution or possession with intent to distribute fentanyl, and (2) distribution or possession with intent to distribute a counterfeit substance.  The Government does not have to prove all of these objectives for you to return a guilty verdict on Count 1.  But, in order to return a guilty verdict, all twelve of you must agree upon which of the objectives, if any, Mr. Holder conspired with others to commit and that he conspired to commit at least one of the objectives listed.

**INSTRUCTION NO. 21**
**SINGLE AND SEPARATE CONSPIRACIES**

Count 1 of the indictment charges that the defendant was a member of one single conspiracy to commit the crime of distributing and possessing with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and such substance, without authorization, bore an identifying mark that falsely purported the substance to be the product of Mallinckrodt, Inc.

The defendant has argued that there were really two or more separate conspiracies, instead of the single conspiracy charged in the indictment.

You must determine whether the single conspiracy, as charged in the indictment, existed, and if it did, whether the defendant was a member of it.

Proof of several separate conspiracies is not proof of the single, overall conspiracy charged in the indictment, unless one of the several conspiracies which is proved is the single conspiracy charged in the indictment.

If you find that the defendant was not a member of the conspiracy charged, then you must find the defendant not guilty, even though the defendant may have been a member of some other conspiracy. This is because proof that a defendant was a member of some other conspiracy is not enough to convict.

But proof that a defendant was a member of some other conspiracy would not prevent you from returning a guilty verdict, if the government proved that he was also a member of the conspiracy charged in the indictment.

## INSTRUCTION NO. 22
## COUNTS 2 & 3: Distribution of Controlled Substance

Count 2 of the Second Superseding Indictment charges that on or about December 26, 2017, within the State and District of Colorado, the defendant, BRUCE HOLDER, did knowingly or intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, the use of which resulted in the death of J.E. on or about December 28, 2017.  All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

Count 3 of the Second Superseding Indictment charges that on or about December 26, 2017, within the State and District of Colorado, the defendant, BRUCE HOLDER, did knowingly or intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, the use of which resulted in serious bodily injury to Z.G. on or about December 28, 2017.  All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

Section 841(a)(1) of Title 21 of the United States Code provides, in part, that:

"(a) . . . it shall be unlawful for any person knowing or intentionally—

(1)    to . . . distribute . . . a controlled substance; . . . ."

This law makes it a crime to distribute a controlled substance.  Fentanyl is a controlled substance within the meaning of the law.  To find Mr. Holder guilty of this crime you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First:*    Mr. Holder knowingly or intentionally distributed a controlled substance as charged; and

*Second:*  the substance was in fact fentanyl.

The term "distribute" means to deliver or to transfer possession or control of something from one person to another.  The term "distribute" includes the sale of something by one person to another.  It is not necessary, however, for the Government to prove that any transfer of money or other thing of value occurred at the same time as, or because of, the distribution.

If you find Mr. Holder guilty of Count 2 or Count 3, then you must also decide, unanimously, whether death or serious bodily injury resulted from use of the fentanyl.

In order to establish that death resulted from use of the fentanyl, the Government must prove that a person died as a consequence of his or her use of fentanyl distributed by Mr. Holder on or about the dates alleged in the indictment.  This means that the Government must prove beyond a reasonable doubt that but for the use of the fentanyl,

24

the person would not have died.  The Government is not required to prove that Mr. Holder intended to cause the death of the person or that his or her death was foreseeable by Mr. Holder or by others.

"Serious bodily injury" means an injury that involves a serious risk of death, protracted and obvious disfigurement, or a protracted loss or impairment of a physical or mental bodily function.  In order to establish that serious bodily injury resulted from use of the fentanyl, the Government must prove that a person suffered serious bodily injury as a consequence of his or her use of fentanyl distributed by Mr. Holder on or about the dates alleged in the indictment.  This means that the Government must prove beyond a reasonable doubt that but for the use of the fentanyl, the person would not have suffered serious bodily injury.  The Government is not required to prove that Mr. Holder intended to cause serious bodily injury to the person or that serious bodily injury was foreseeable by Mr. Holder or by others.

## INSTRUCTION NO. 23
## COUNT 4: Distribution of Counterfeit Controlled Substance

Count 4 of the Second Superseding Indictment charges that on or about December 26, 2017, within the State and District of Colorado, the defendant, BRUCE HOLDER, did knowingly or intentionally distribute or possess with intent to distribute a counterfeit controlled substance which, without authorization, bore an identifying mark that falsely purported the substance to be the product of Mallinckrodt, Inc., a manufacturer of controlled substances, which did not, in fact, manufacture such substance; and did aid, abet, counsel, command, induce, or procure the same. All in violation of Title 21, United States Code, Sections 841(a)(2) and (b)(1)(C); and Title 18, United States Code, Section 2.

Section 841(a)(2) of Title 21 of the United States Code provides, in part, that:

"(a) . . . it shall be unlawful for any person knowing or intentionally—

(1)    to . . . distribute . . . or to possess with intent to . . . distribute . . . a counterfeit substance."

This law makes it a crime to distribute or possess with intent to distribute a counterfeit substance. To find Mr. Holder guilty of this crime you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First:*    Mr. Holder knowingly or intentionally distributed or possessed with intent to distribute a controlled substance as charged;

*Second:*    the substance was in fact fentanyl;

*Third:*    the substance, without authorization, bore the trademark, identifying mark, or imprint of Mallinckrodt, Inc.; and

*Fourth:*    Mallinckrodt, Inc., did not in fact manufacture, distribute, or dispense the substance distributed or possessed by Mr. Holder.

The term "distribute" means to deliver or to transfer possession or control of something from one person to another. The term "distribute" includes the sale of something by one person to another. It is not necessary, however, for the Government to prove that any transfer of money or other thing of value occurred at the same time as, or because of, the distribution.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Fentanyl is a controlled substance within the meaning of the law.  Mallinckrodt, Inc., is a manufacturer, distributor, or dispenser of controlled substances.

**INSTRUCTION NO. 24**
**SEPARATE COUNTS**

Counts 2, 3, and 4 each relate to the same mixture or substance involved in an alleged chain of distribution, but also involve separate additional factual determinations that you must make.  It will be your function as the jury to determine if the Government has established Mr. Holder's guilt beyond a reasonable doubt of any one or all of Counts 2, 3, and 4.

Each crime or offense as charged and the evidence applicable thereto should be considered separately as to each count.  The fact that you may find the defendant guilty or not guilty of one crime or offense should not control your verdict with reference to any of the other crimes or offenses charged.  As I have stated, Count 1 is one offense.  And Counts 2, 3, and 4 each relate to the same mixture or substance involved in an alleged chain of distribution.

**INSTRUCTION NO. 25**
**KNOWLEDGE OF PRECISE CONTROLLED SUBSTANCE NEED NOT BE PROVEN**

It is not necessary for the Government to prove that Mr. Holder knew the precise nature of the controlled substance that was possessed or distributed.

The Government must prove beyond a reasonable doubt, however, that Mr. Holder did know that some type of controlled substance was possessed or distributed.

## INSTRUCTION NO. 26
## PROOF OF KNOWLEDGE OR INTENT

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

**INSTRUCTION NO. 27**
**"KNOWINGLY" DEFINED**

The term "knowingly," as used in these instructions to describe the alleged state of mind of Mr. Holder, means that he was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

## INSTRUCTION NO. 28
## "INTENTIONALLY" DEFINED

The term intentionally, where I have used it in these instructions, means, "deliberately and purposely."  That is, Mr. Holder's acts must have been the product of his conscious objective, rather than the product of mistake or accident.

**INSTRUCTION NO. 29**
**"TO POSSESS" DEFINED**

The term "to possess" means to exercise control or authority over something at a given time.  There are several types of possession – constructive, sole, and joint.

The "possession" is considered to be actual when a person knowingly has direct physical control or authority over something.  The "possession" is called constructive when a person does not have direct physical control over something, but can knowingly control it and intends to control it, sometimes through another person.

The "possession" may be knowingly exercised by one person exclusively which is called sole possession, or the "possession" may be knowingly exercised jointly when it is shared by two or more persons.

## INSTRUCTION NO. 30
## DUTY TO DELIBERATE – VERDICT FORM

After the closing arguments, the court security officer will escort you to the jury room and will give you the original jury instructions and the original verdict form.  Any exhibits admitted into evidence will also be placed in the jury room for your review. You will be allowed to take your notes and your copy of the jury instructions that I have just read with you.  The original of the jury instructions and the exhibits are a part of the Court record.  Do not place any marks or notes on them.  Your copy of the instructions may be marked or used in any way you see fit.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.  The second thing you should do is review the instructions.  Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.  Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

A Verdict Form has been prepared to help guide you through your deliberations. To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on each count of the indictment.  Your deliberations will be secret. You will never have to explain your verdict to anyone.  Your foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.  This is the only verdict form that you will receive, so please do not write on the original verdict form or indicate your answer to any questions on the original verdict form until you have all agreed on the answer.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

This is an important case.  If you should fail to agree upon a verdict, the case is left open and must be tried again.  Obviously, another trial would require the parties to make another large investment of time and effort, and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried before you.

You are reminded that Mr. Holder is presumed innocent, and that the Government, not Mr. Holder, has the burden of proof and it must prove Mr. Holder guilty beyond a reasonable doubt.  As judges of the facts, you must decide whether the Government has proved Mr. Holder's guilt beyond a reasonable doubt.

It is your duty, as jurors, to consult with one another and deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. Those of you who believe that the Government has proved Mr. Holder guilty beyond a reasonable doubt should stop and ask yourselves if the evidence is really convincing enough. Those of you who believe that the Government has not proved Mr. Holder guilty beyond a reasonable doubt should stop and ask yourselves if the doubt you have is a reasonable one. In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

After you reach a verdict, your foreperson should ensure that the original verdict form is complete and then he or she must sign and date the original verdict form. The foreperson should then advise the court security officer that you have reached a verdict, but do not tell the court security officer what your verdict is. The court security officer will then inform me that you have reached a verdict. The foreperson should remain in possession of the original verdict form until you return to the courtroom and I request that it be given to me.

## INSTRUCTION NO. 31
## COMMUNICATIONS WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a folded note through the court security officer. Do not disclose the content of your note to the court security officer.  No member of the jury should hereafter attempt to communicate with me except in writing and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. You are not to tell anyone – including me – how the jury stands, numerically or otherwise, until you have reached a unanimous verdict and I have discharged you.

If you send a note to me containing a question or request for further direction, please bear in mind that responses take considerable time and effort.  Before giving an answer or direction I must first notify the attorneys and bring them back to the court. I must confer with them, listen to arguments, research the legal authorities, if necessary, and reduce the answer or direction to writing.

There may be some question that, under the law, I am not permitted to answer. If it is improper for me to answer the question, I will tell you that.  Please do not speculate about what the answer to your question might be or why I am not able to answer a particular question.