IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 18-cr-00381-CMA-GPG-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. BRUCE HOLDER,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS FOR DISCLOSURE OF GRAND AND PETIT JURY SELECTION RECORDS**

---

This matter is before the Court on Defendant Bruce Holder's Amended Motion for Disclosure of Grand and Petit Jury Selection Records and Notice of Intent to Challenge Jury Selection Procedures (Doc. # 632) and Renewed Motion for Disclosure of Grand and Petit Jury Selection Records (Doc. # 665) (collectively, "Motions for Disclosure"). For the following reasons, the Motions for Disclosure are granted in part and denied in part.

## I.    BACKGROUND

Mr. Holder was indicted by a grand jury on August 16, 2018, in Grand Junction, Colorado. (Doc. # 1.) The Superseding Indictment was issued on January 24, 2019 (Doc. # 52), and the Second Superseding Indictment was issued on August 19, 2019 (Doc. # 183), both also in Grand Junction. Mr. Holder filed his first Motion for Disclosure of Grand and Petit Jury Selection Records and Notice of Intent to Challenge Jury

Selection Procedures (Doc. # 539) on February 24, 2021. At the final pre-trial conference, the Court denied the motion without prejudice and directed Mr. Holder's counsel to confer with the Clerk of Court regarding available records in order to more appropriately tailor his requests for disclosure. (Doc. # 553.)

Mr. Holder's jury trial commenced on April 5, 2021, and concluded on April 19, 2021, in Denver, Colorado. *See* (Doc. # 632 at 2.) On June 23, 2021, Mr. Holder filed his Amended Motion for Disclosure (Doc. # 632) requesting 24 categories of records relevant to the grand jury and petit jury selection procedures. The Government filed a Response partially opposing Mr. Holder's requests insofar as they were outside the scope of the Jury Selection and Service Act, intrude on grand jury secrecy, or unduly compromise juror privacy. (Doc. # 544 at 2.)

Following conferral with the Government and with the Clerk of Court, Mr. Holder submitted a Reply (Doc. # 638) in support of his Motion for Disclosure. Therein, Mr. Holder attached an updated list of 22 requests which he asserts is more limited and better tailored to the documents within the custody and control of the Clerk.[1] (*Id.* at 2; *see* Doc. # 638-3.)

On January 5, 2022, Mr. Holder filed his Renewed Motion for Disclosure (Doc. # 665), in which he incorporated by reference his Amended Motion for Disclosure (Doc. # 539) and his Reply (Doc. # 638). The Court will review Mr. Holder's updated list from his Reply (Doc. # 638-3) for purposes of ruling on his Motions for Disclosure.

## II.  LEGAL STANDARDS

Under the Jury Selection and Service Act of 1968 ("JSSA"), "[i]t is the policy of

---

[1] The Court has reproduced each request in the Discussion section below.

the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross-section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. This policy is consistent with the Sixth Amendment guarantee of "a jury drawn from a fair cross section of the community." *See United States v. Green*, 435 F.3d 1265, 1270 (10th Cir. 2006). In criminal cases, a "defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of [the JSSA] in selecting the grand or petit jury." 28 U.S.C. § 1867(a). The motion must be made either before the voir dire examination begins or seven days after the defendant discovered or could have discovered the grounds therefore, whichever is earlier. *Id.*

To support a fair cross-section claim under the JSSA, a defendant may gain access to jury selection records not otherwise available to the public. Section 1867(f) permits a defendant to "inspect, reproduce, and copy" the "contents of records or papers used by the jury commission or clerk in connection with the jury selection process . . . at all reasonable times during the preparation and pendency of" a motion contending the grand and/or petit jury was not selected from a fair cross-section of the community. 28 U.S.C. § 1867(f). The Supreme Court has interpreted this provision to mean that a defendant "has essentially an unqualified right to inspect jury lists." *Test v. United States*, 420 U.S. 28, 30 (1975). A defendant's access to such records may not be conditioned on the defendant showing a probability of success on the merits of a jury selection challenge. *United States v. Beaty*, 465 F.2d 1376, 1380 (9th Cir. 1972).

Although defendants have an "unqualified right" to inspect jury records, federal

3

courts "have uniformly declined to allow unfettered access to **all** jury-related documents and records." *United States v. Rice*, 489 F. Supp. 2d 1312, 1316 (S.D. Ala. 2007) (collecting cases) (emphasis added). Section 1867(f) requires that the records be "necessary in the preparation or presentation" of a motion challenging jury procedures. Accordingly, courts have limited disclosure requests where such requests go beyond the scope of the JSSA or where the requests must be balanced against other competing principles, such as the need for secrecy of grand jury proceedings. *See United States v. Diaz*, 236 F.R.D. 470, 475–76 (N.D. Cal. 2006).

### III.   DISCUSSION

The Court will address each of Mr. Holder's updated requests for disclosure in turn. *See* (Doc. # 638-3.)

### Request (a)

> The Juror Qualification Questionnaire(s) distributed to potential grand or petit jurors, as contemplated in Section 14 of the Court's Plan and any additional forms distributed to potential petit jurors relating to the COVID-19 pandemic.

(Doc. # 638-3 at 1.)

The Court interprets this as a request for a representative example of the juror qualification form used in this district. Records such as this that reflect the methods or procedures used by the Clerk in connection with the jury selection process are subject to disclosure under 28 U.S.C. § 1867(f). Accordingly, the Court grants request (a) with respect to the juror qualification form, which is the same for both prospective grand and petit jurors. *See* Revised Jury Plan for Random Jury Selection § 14, United States District Court for the District of Colorado (implemented March 1, 2017) ("Jury Plan").

4

The Clerk has advised the Court that there were no additional forms relating to the COVID-19 pandemic distributed to potential petit jurors.

### Request (b)

> All data contained in the Master Jury Wheels used to select the grand jury and/or juries that indicted Mr. Holder.

(Doc. # 638-3 at 1.)

As an initial matter, the Court notes that Mr. Holder has modified his previous request for specific demographic information relating to the master jury wheels, which included a request for individuals' "Race, Sex, Ethnicity, Year of Birth, Zip Code, Income, and Occupation." (Doc. # 632 at 6.) In this district, the court uses a one-step procedure to summon and qualify both grand and petit jurors. *See* Jury Plan §§ 11(a), 12(a). As such, demographic information for individuals on the Master Jury Wheel is limited to the information provided by the Colorado Secretary of State's office and the Colorado Department of Revenue, Division of Motor Vehicles ("DMV") for the "source list," which includes only the individual's name, address, date of birth, and sex, if available. *See* Jury Plan § 7(a). The Clerk does not possess other demographic information for individuals on the Master Jury Wheel unless and until that individual is summoned for jury service and fills out and returns a juror qualification form. Further, the Clerk does not ask for and has no information relating to juror income.

The Court agrees that Mr. Holder is entitled to inspect the master jury wheels and available demographic information pursuant to *Test*, 420 U.S. at 750. Accordingly, Mr. Holder's request is granted with respect to the 2015 and 2017 master jury wheels for Division Three (Grand Junction), which were used to summon the grand jurors who issued indictments in this case. The lists and available demographic information shall be

disclosed to Mr. Holder as needed to prepare his fair cross-section challenge in this criminal action. The Clerk, in providing these lists, shall redact and not provide or disclose the jurors' names, street addresses, dates of birth (other than year) and any other personal identifying information. Defense counsel is ordered not to use these jury lists for any purpose other than the stated purpose of analyzing them to determine the viability of any contemplated challenge under the JSSA. *See Rice*, 489 F. Supp. 2d at 1324. The Government may access the same information being made available to Mr. Holder, subject to the same constraints and limitations. *See United States v. Hicks*, No. 07-cr-00184-WYD, 2008 WL 5396013 (D. Colo. Dec. 22, 2008).

### Request (c)

All data contained in the Master Jury Wheel in this district.

(Doc. # 638-3 at 1.)

Although the Court agrees that Mr. Holder is entitled to inspect the master jury wheel lists relevant to his case, the Court finds that this request for all data for the entire district is overbroad and insufficiently tailored to the time frame at issue. There are four jury divisions and, in effect, four separate jury wheels in this district. Jury Plan § 6. The wheels are refilled in every odd-numbered year. Jury Plan § 9(d). As such, Mr. Holder's request could conceivably encompass 12 total wheels, including all four jury divisions from each of the years in which jurors were summoned in Mr. Holder's case (implicating the 2015, 2017, and 2019 wheels). However, the Court finds that only three jury wheels are relevant to Mr. Holder's case: (1) the 2015 wheel for Jury Division Three (Grand Junction), which was used to summon the grand jurors who issued the Indictment in this case; (2) the 2017 wheel for Jury Division Three (Grand Junction), which was used to

6

summon the grand jurors who issued the Superseding and Second Superseding Indictments in this case; and (3) the 2019 wheel for Jury Division One (Denver), which was used to summon the petit jury that served at Mr. Holder's criminal trial. *See* Jury Plan §§ 6, 9(d).

Thus, the Court grants in part and denies in part request (c). To the extent this request is duplicative in requesting the same master jury wheels already subject to disclosure in request (b), the Court denies the request as moot. The Court grants the request with respect to the 2019 jury wheel for Jury Division One (Denver), subject to the same constraints and limitations as stated in the Court's discussion of request (b). The Clerk shall redact and not provide or disclose jurors' names, street addresses, dates of birth (other than year), and any other personally identifying information.

To the extent Mr. Holder requests demographic information for other master jury wheels "in this district," the Court denies Mr. Holder's request as overbroad and unnecessary for preparing a motion under 28 U.S.C. § 1867(a). *See, e.g.*, *United States v. McLernon*, 746 F.2d 1098, 1123 (6th Cir. 1984) (holding that a defendant's unqualified right to inspection of jury lists was "satisfied by disclosure of the master lists and relevant demographic data about the general pool from which the specific grand jurors were selected"); *see also Rice*, 489 F. Supp. 2d at 1323 (denying defendant's requests for data and records concerning prior jury wheels because they would not be relevant to his fair cross-section challenge). Further, Mr. Holder has not established that information relating to any other division jury wheel is reasonably necessary for preparing a constitutional fair cross-section challenge. *See Diaz*, 236 F.R.D. at 481–82.

Accordingly, the Court limits disclosure to the three identified master jury wheels that are relevant to this case.

### Request (d)

> Documents sufficient to show: Race, Sex, Year of Birth, Zip Code, and Occupation for those individuals (a) to whom summonses, and jury questionnaires were sent, as contemplated by Sections 11, 12, and 15 of the Court's plan, and (b) those deemed qualified for jury service, as contemplated by Section 16 of the Court's Plan.

(Doc. # 638-3 at 1.)

The Court interprets Mr. Holder's request as a request for demographic information of all grand and petit jurors summoned in relation to his case. The Court finds that the requested information is not protected from disclosure under Federal Rule of Criminal Procedure 6(e) and is reasonably necessary for Mr. Holder to prepare his motion under 28 U.S.C. § 1867(a). *See United States v. Crider*, 2021 WL 4226149, at *7 (S.D. Cal. Sept. 15, 2021).

The Clerk has advised the Court that this information may be made available as a subset of the data provided for requests (b) and (c), subject to the caveat that categories of demographic information may be missing for individuals who did not complete and/or return a juror questionnaire form. Accordingly, the Court grants this request. The Clerk shall provide defense counsel the codes necessary to identify the jurors summoned in this case and those deemed qualified for service.

### Request (e)

> Documents identifying all excuses accepted from potential jurors, for the district, as contemplated by Sections 17 and 18 of the Court's Plan, during the COVID-19 pandemic;

(Doc. # 638-3 at 1.)

The Court grants in part and denies in part request (e). The request is granted with respect to the 2019 wheel for Jury Division One (Denver), which was used to summon the petit jurors for Mr. Holder's trial in April 2021. The request is denied as overbroad with respect to wheels for other jury divisions because those wheels do not appear to be relevant to Mr. Holder's potential fair cross-section challenge at this time. *See, e.g.*, *United States v. Holmes*, No. 18-cr-00258-EJD-1, 2020 WL 5408163, at *6 (N.D. Cal. Sept. 9, 2020) (granting disclosure of records pertaining to the jury division that returned indictments in the case, but denying disclosure of data regarding other jury divisions).

The Clerk has advised the Court that records of accepted excuses will be included in the data set provided for request (c). The Clerk shall provide the codes and information necessary to identify accepted excuses.

### Request (f)

> Documents reflecting any policies or practices established by the Court or Clerk's Office for excusing grand or petit jurors;

(Doc. # 638-3 at 1.)

The Clerk has advised the Court that the only documents responsive to this request are the Jury Plan and the revised Jury Trial Protocols relating to the COVID-19 pandemic. Because these documents are publicly available on the district's website, the Court denies request (f) as moot.

### Request (g)

> With respect to the petit jury, documents sufficient to show: Race, Sex, Year of Birth, Zip Code, and Occupation for all prospective jurors for the district who have been excused from or granted a deferral of their jury service based on the COVID-19 pandemic.

(Doc. # 638-3 at 1.)

The Court limits this request to the relevant 2019 wheel for Jury Division One (Denver). The Clerk has advised the Court that, as limited, the information pertinent to this request will be included as a subset of the data provided in response to requests (c) and (e). Accordingly, request (g) is denied as moot.

### Request (h)

> Documents reflecting whether the grand jury or juries that issued the Indictments in this case were drawn from one division, a combination of divisions, or all divisions as authorized in the Court's Plan p.6, ¶ 12, and/or specified in Exhibit B, the February 27, 2017, Order of Chief United States District Judge Marcia S. Krieger re Implementation of Revised Jury Plan for Random Jury Selection, or any superseding Order(s).

(Doc. # 638-3 at 2.)

The Clerk has advised the Court that the February 27, 2017, Order of Chief United States District Judge Marcia S. Krieger, titled "Implementation of Revised Jury Plan for Random Jury Selection" ("Implementation Order") cited by Mr. Holder is the only document responsive to Mr. Holder's request. The Implementation Order provides that all grand jurors summoned for juries sitting in Grand Junction will be drawn from Jury Division Three. Mr. Holder already has a copy of the Implementation Order, and in any event, the document is available to the public on the district's website. Accordingly, the Court denies request (h) as moot.

### Request (i)

> Documents reflecting the description of reasons for the choice of jury division or divisions that issued the Indictments in this case.

(Doc. # 638-3 at 2.)

10

The Implementation Order is the only document that is responsive to Mr. Holder's request. For the reasons stated in the Court's analysis of request (h), the Court denies request (i) as moot.

### Request (j)

> The two most recent Form AO-12 that relates to the Master Jury [sic] used to summon the grand jurors who indicted Mr. Holder and were used to summon petit jurors in this case.

(Doc. # 638-3 at 2.)

The Court agrees with Mr. Holder that AO-12 forms are relevant to Mr. Holder's potential fair cross-section challenge and are subject to disclosure under 28 U.S.C. § 1867(f). *See, e.g.*, *Crider*, 2021 WL 4226149, at *3–4 (granting disclosure of AO-12 forms). Accordingly, the Court grants request (j). The Clerk shall provide Mr. Holder the available AO-12 forms for the jury divisions and years relevant to Mr. Holder's case.

### Request (k)

> Documents reflecting any other statistical or demographic analyses produced to ensure that the District and Divisional Master Jury Wheel(s) that were used to summon the grand jurors who returned the Indictments in this case and used to summon the prospective petit jurors in this case were in compliance with the Plan, the JSSA, and [sic].

(Doc. # 638-3 at 2.)

The Clerk has advised the Court that aside from the AO-12 forms, no other statistical or demographic analyses exist.

### Request (l)

> Documents reflecting the source of data in electronic form for the Master Jury Wheels used to summon the grand jurors who returned the Indictments and petit jurors that were summoned in Mr. Holder's trial. The data should include, as available, race, gender, year of birth, zip code, county, and jury division.

(Doc. # 638-3 at 2.)

This Court agrees with other courts that have determined that source data "qualifies as a record used by the Clerk in connection with the jury selection process that may be necessary for the preparation of a motion challenging the creation of the master wheel" pursuant to 28 U.S.C. § 1867(f). *Crider*, 2021 WL 4226159, at *7; *see, e.g.*, *United States v. Shader*, 20-CR-202, 2020 WL 4158059, at *4 (E.D.N.Y. July 17, 2020) (granting access to demographic information for individuals listed in the voter registration and New York State Department of Motor Vehicles source lists that were used to fill the relevant master jury wheel). The Court therefore grants Mr. Holder's request for the source data for the three master jury wheels relevant to this case.

Defense counsel is ordered not to use the source data for any purpose other than the stated purpose of analyzing the data to determine the viability of any contemplated challenge under the JSSA. *See Rice*, 489 F. Supp. 2d at 1324. The source data supplied pursuant to Mr. Holder's requests may not be disclosed, shown, or transmitted in any way to third parties, but may be reviewed by Mr. Holder, his attorneys, experts, and staff assisting his attorneys in the preparation of a motion challenging jury selection procedures. Personal identifying information, including juror names, street addresses, and dates of birth (other than year) may not be revealed for any other purpose, and counsel must undertake all reasonable measures to safeguard the confidentiality of this information. *See id.*

### Request (m)

> Documents reflecting the term of the grand jury that issued the Indictments in this case.

(Doc. # 638-3 at 2.)

The Court notes that the grand juries that issued indictments in this case are no longer impaneled, and other courts have determined that disclosure of the commencement and termination dates of the grand jury did not violate Fed. R. Civ. P. 6(e). *See In re Grand Jury Investigation*, 903 F.2d 180, 182 (3d Cir. 1990) (noting that "disclosure of the commencement and termination dates of the grand jury does not disclose the essence of what took place in the grand jury room"); *see also Diaz*, 236 F.R.D. at 478–79 (granting defendants' request for documents reflecting the commencement or extension of any term of the grand jury that returned an indictment against defendants, in part because the grand jury was no longer sitting). Therefore, the Court grants request (m). The Clerk shall provide Mr. Holder with documents reflecting the dates of the terms of the grand juries that issued indictments in this case.

### Request (n)

> Documents reflecting the date when grand jurors who returned the Indictments against Mr. Holder were summoned.

(Doc. # 638-3 at 2.)

For the reasons stated in the Court's analysis of request (m), the Court grants this request. The Clerk shall disclose documents to Mr. Holder reflecting the dates when the grand jurors who issued indictments in this case were summoned.

### Request (o)

> Documents reflecting the number of persons summoned from the Master Jury Wheels to be considered as grand jurors and that issued the Indictments. Documents that reflect the number of these persons so summoned per jury division.

(Doc. # 638-3 at 2.)

The Court grants in part and denies in part request (o). The Court agrees with Mr. Holder that this information is relevant to his potential fair cross-section challenge and is subject to disclosure under 28 U.S.C. § 1867(f). Accordingly, the Court grants request (o) with respect to the number of individuals summoned to be considered as grand jurors for the grand juries that issued indictments in this case. The Clerk shall disclose documents to Mr. Holder reflecting these numbers.

Per the Implementation Order, all potential grand jurors summoned in this case were summoned from Division Three (Grand Junction). The Court denies, as irrelevant, request (o) with respect to documents reflecting the number of jurors summoned for other divisions.

### Request (p)

> Documents reflecting the calculation of the number of potential jurors for the jury division or divisions that issued the Indictments in this case to ensure compliance with the numbers listed in the Plan p.5, ¶ 9(e).

(Doc. # 638-3 at 2.)

The Court finds that Mr. Holder is entitled to records showing the number of potential jurors for the jury division that issued indictments in this case in order to ensure compliance with the plan. *See Crider*, 2021 WL 4226149, at *4 ("The calculation may support a grand jury challenge under the JSSA based on a substantial deviation from the court's Jury Selection Plan or a fair cross-section claim."). The Court therefore grants request (p). The Clerk shall provide Mr. Holder with documents reflecting the calculation of the number of potential grand jurors for Jury Division Three (Grand Junction) that issued the Indictments in this case.

### Request (q)

> Documents reflecting the Juror Numbers or Identifier for the persons selected as potential grand jurors from [sic] Master Jury Wheel for the grand juries that issued the Indictments in this case

(Doc. # 638-3 at 3.)

The Clerk has advised the Court that this data is included as a subset of the data that will be provided in response to request (b). Accordingly, the Court denies request (q) as moot.

### Request (r)

> Documents reflecting the disposition of each summoned potential grand juror as to excusal, deferment, disqualification, or selection as described in the Plan, pp. 7–9. §§ 16–17.

(Doc. # 638-3 at 3.)

The Clerk has advised the Court that this data is included as a subset of the data that will be provided in response to request (b). Accordingly, the Court denies this request as moot.

### Request (s)

> Documents reflecting the dates when the prospective jurors were summoned for service on the petit jury in this case.

(Doc. # 638-3 at 3.)

The Court agrees with Mr. Holder that the date when the prospective jurors who were summoned for service on the petit jury in this case is subject to disclosure under 28 U.S.C. § 1867(f). The Court therefore grants request (s). The Clerk shall provide Mr. Holder with documents reflecting the date when the prospective petit jurors were summoned.

### Request (t)

> Documents reflecting the disposition of each summoned potential petit juror as to excusal, deferment, disqualification, or selection as described in the Plan, pp. 7–9. §§ 16–17.

(Doc. # 638-3 at 3.)

The Clerk has advised the Court that this data is included as a subset of the data that will be provided in response to request (c). Accordingly, the Court denies request (t) as moot.

### Request (u)

> Documents showing or analyzing the number of times since January 1, 2018, that penalties were imposed on prospective jurors who failed to show good cause for noncompliance as described [sic] the Plan, p.9, § 20.

(Doc. # 638-3 at 3.)

Mr. Holder's right to inspection extends to all jury selection materials relevant to a determination of whether the grand and petit juries in his case were in fact selected "at random from a fair cross-section of the community." *Test*, 420 U.S. at 30. The Court agrees with those Courts that have found that "[d]ata concerning prospective jurors who ignore summonses or who fail to appear for jury service when commanded to do so would appear to have no relevance to any challenge under the [JSSA] that [defendant] may be contemplating." *Rice*, 489 F. Supp. 2d at 1321.

The Court therefore finds that request (u) is beyond the scope of the JSSA and not subject to disclosure at this time, absent a showing that such information is necessary for Mr. Holder's potential constitutional challenges. Request (u) is denied.

### Request (v)

> Documents reflecting any provisional modifications to the Plan or its procedures due to the COVID-19 pandemic and Public Health Emergency.

16

(Doc. # 638-3 at 3.)

The Clerk has advised that any information relating to provisional procedures during the COVID-19 pandemic is publicly available on the district's website. Further, there have been no changes to the Jury Plan or the Implementation Order as a result of the COVID-19 pandemic. Accordingly, the Court denies request (v) as moot.

### IV.     CONCLUSION

For the foregoing reasons, it is ORDERED that Mr. Holder's Amended Motion for Disclosure of Grand and Petit Jury Selection Records and Notice of Intent to Challenge Jury Selection Procedures (Doc. # 632) and Renewed Motion for Disclosure of Grand and Petit Jury Selection Records (Doc. # 665) are GRANTED IN PART AND DENIED IN PART:

- requests (a), (b), (d), (j), (l), (m), (n), (p), and (s) are GRANTED;
- requests (c), (e), and (o) are GRANTED IN PART AND DENIED IN PART for the reasons stated in this Order; and
- requests (f), (g), (h), (i), (k), (q), (r), (t), (u), and (v) are DENIED.

The Clerk of Court is directed to provide the records for the granted requests to Mr. Holder within 21 days of the date of this Order.

It is FURTHER ORDERED that the information provided pursuant to this Order shall be disclosed and used only in connection with the preparation and possible filing of a motion in this case challenging the grand jury and petit jury selection procedures. The information provided by the Clerk may not be disclosed, shown, or transmitted in any way to third parties, but may be reviewed by Mr. Holder, his attorneys, experts, and staff assisting his attorneys in the preparation of a motion challenging jury selection

procedures. Counsel, their staff, experts, Mr. Holder, and the Government are reminded that "[a]ny person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both." 28 U.S.C. § 1867(f).

DATED: February 16, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge